UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOYCE PALMER,  
    PLAINTIFF,

CASE NO. 9:18-CV-80070-DMM

vs.

TRACTOR SUPPLY COMPANY,  
    DEFENDANT.  
_____/

## AMENDED[1] NOTICE OF REMOVAL

Defendant, Tractor Supply Company, hereby gives notice of removal to this Court of the civil action styled *Joyce Palmer v. Tractor Supply Company,* case number 50217CA014128 from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, under 28 U.S.C. §§ 1332, 1441 and 1336. Defendant respectfully says:

1. Plaintiff filed a complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County on 29 December 2018. Pursuant to 28 U.S.C. § 1446(2), a copy of all process, pleadings and orders served on Defendant are attached to this Notice. Plaintiff's complaint is attached as Exhibit 1 and copies of all of the initial papers served on Defendant are attached as Exhibit 2.

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332 (a)(1) and 1441(a) and (b) in that the Complaint involves claims between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees.

---

[1.] Amendment only to assert state of incorporation of Tractor Supply Company, as per court order . [DE 4].

1

3. As to the amount in controversy, Plaintiff has not alleged a specific amount of damages, but instead says she sustained "bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, property damage, inconvenience, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. Plaintiff has in the past and will in the future incur medical expenses in the care and treatment of said injuries. All of Plaintiff's injuries are permanent within a reasonable degree of medical probability and will continue in the future." [Exhibit 1, pages 2-3]. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1320 (11th Cir. 2001) (complaint demanding damages for permanent physical injuries, substantial medical expenses, lost wages, and diminished earning capacity for indefinite period of time can establish amount in controversy).

4. In the demand letter sent to Defendant by Plaintiff's attorney, it is alleged that Old Republic Life Insurance[2] has already paid $62,952.00 in medical bills and lost wages and that Plaintiff has major physical limitations and cannot work. Without admitting the truth of any of these allegations, the demand letter indicates that the amount in controversy well exceeds $75,000.00 exclusive of interest, costs and attorney's fees. [Exhibit 3]. *Nelson v. Black & Decker (U.S.), Inc.,* 8:16-CV-869-T-24 JSS, 2015 WL 12259228, *at* \*3 (M.D. Fla. Aug. 31, 2015) (pre-suit demand letters may be considered in determining amount in controversy)

---

[2] Old Republic is not a party to this action.

5. Plaintiff is now, and was at the time of filing of this lawsuit, a resident of St. Lucie County, Florida.

6. Defendant is now, and was at the time of filing of this lawsuit, a foreign corporation incorporated in the state of Delaware and whose principal place of business is in Brentwood, Tennessee.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as the Complaint was filed less than 30 days before the filing of the original notice.

8. Under 28 U.S.C. § 90(c)(3), the United States District Court for the Southern District of Florida, is the federal court for the District where the state court action is pending.[3]

9. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County.

Wherefore, Defendant, Tractor Supply Company, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted this 9th day of March 2018,

/s/ Michael R. Morris
Michael R. Morris
F.B.N. 70254
Morris & Morris, P.A.
777 S. Flagler Drive, Suite 800 - West Tower
West Palm Beach, FL 33401
Telephone:   561.838.9811
Facsimile:   561.828.9351
E-mail:      michael@morris.law
Counsel for Tractor Supply

---

[3.] Defendant removes this action without prejudice to its ability to file a motion to transfer venue to a more convenient federal district court.

## Certificate of Service

I certify that on March 9, 2018, I electronically filed this Notice of Removal electronically with the Clerk of Court by using CM/ECF and served on Plaintiff's attorney Jeremy Bertsch, Esq., Sellars, Marion & Bachi, P.A., 811 North Olive Avenue, West Palm Beach, FL 33401 via CM/ECF.

/s/ Michael R. Morris
Michael R. Morris
F.B.N. 70254

Filing # 65932479 E-Filed 12/29/2017 01:47:01 PM

002081.00001

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

JOYCE PALMER,

CASE NO.: 502017 CA 014128

    Plaintiff,

vs.

TRACTOR SUPPLY COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOYCE PALMER, through undersigned counsel, hereby sues Defendant, TRACTOR SUPPLY COMPANY, and for causes of action against it states:

1. This is an action for damages which exceed Fifteen Thousand ($15,000.00) Dollars.

2. Plaintiff, JOYCE PALMER, was and remains a resident of St. Lucie County, Florida, and is otherwise sui juris.

3. At all material times Defendant, TRACTOR SUPPLY COMPANY, was a foreign, for-profit corporation licensed to and doing continuous and systematic business in the State of Florida, including Palm Beach County, Florida.

4. On or about June 29, 2016, Defendant owned, controlled and/or possessed property in Hagerstown, Maryland.

5. On said property, Plaintiff was present at the subject property as an invitee.

6. While walking on Defendant's premises, Plaintiff, an invitee, fell on an unreasonably dangerous condition of the premises.

1

Exhibit 1

7. The Defendant owed a duty to the Plaintiff, an invitee, to maintain its premises in a reasonably safe condition.

8. The Defendant is vicariously liable for the actions of its employees.

9. The Defendant breached its duty to the Plaintiff when it failed to properly and safely maintain its premises as an ordinarily prudent company would under similar circumstances by the following acts or omissions to act:

    (a) Failing to maintain the property in a reasonably safe condition;

    (b) Failing to have and enforce proper policies and procedures to properly maintain and keep the premises safe;

    (c) Failing to warn its invitees of dangerous and hazardous conditions on their premises;

    (d) Failing to properly train and supervise their employees;

    (e) Creating a dangerous and hazardous condition in the form of step that was not code compliant and without a railing.

10. The dangerous condition described above was known to this Defendant and/or had existed for a sufficient length of time that they should have known of it prior to the injuries sustained by the Plaintiff.

11. The duties referred to above that were owed by Defendant to the Plaintiff were non-delegable.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff, sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, property damage, inconvenience, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition.

Plaintiff has in the past and will in the future incur medical expenses in the care and treatment of said injuries. All of Plaintiff's injuries are permanent within a reasonable degree of medical probability, and will continue in the future.

WHEREFORE, Plaintiff, JOYCE PALMER, demands judgment for damages against Defendant, TRACTOR SUPPLY COMPANY, together with interest and the costs of this action and any further relief the Court deems just and equitable. The Plaintiff further demands trial by jury on all issues so triable as a matter of right.

DATED this 29th day of December, 2017.

        SELLARS, MARION & BACHI, P.A.
        Attorneys for Plaintiff
        811 North Olive Avenue
        West Palm Beach, FL 33401
        Telephone: (561) 655-8111
        Facsimile: (561) 655-4994
        Primary: jbertsch@smb-law.com
        Secondary: dharrison@smb-law.com

By:     /s/ Jeremy Bertsch
        Jeremy D. Bertsch
        Florida Bar No.: 0043308



# Service of Process Transmittal
01/03/2018
CT Log Number 532562787

| | |
|---|---|
| **TO:** | Debra Roberts, Executive Assistant<br>Tractor Supply Company<br>5401 Virginia Way<br>Brentwood, TN 37027-7536 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | TRACTOR SUPPLY COMPANY (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOYCE PALMER, Pltf. vs. TRACTOR SUPPLY COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, COmplaint |
| **COURT/AGENCY:** | Palm Beach County Circuit Court, FL<br>Case # 502017CA014128XXXXMB |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/29/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/03/2018 at 14:25 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jeremy D. Bertsch<br>SELLARS, MARION & BACHI, P.A.<br>811 North Olive Avenue<br>West Palm Beach, FL 33401<br>(561) 655-8111 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/04/2018, Expected Purge Date: 01/09/2018<br><br>Image SOP<br><br>Email Notification, Karen Austin  kaustin@tractorsupply.com<br><br>Email Notification, Ben Parrish  bparrish@tractorsupply.com<br><br>Email Notification, Debra Roberts  deroberts@tractorsupply.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Exhibit 2

Page 1 of 1 / DB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

\*\*\*\* CASE NUMBER: 502017CA014128XXXXMB Division: AE \*\*\*\*

Filing # 65932479 E-Filed 12/29/2017 01:47:01 PM

002081.00001

JOYCE PALMER,

      Plaintiff,

vs.

TRACTOR SUPPLY COMPANY,

      Defendant.
_____/

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50 2017 CA 014128 XXXX MB /AE

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of Said State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant:

        Tractor Supply Company
        c/o Registered Agent
        CT Corporation System
        1200 South Pine Island Road
        Plantation, FL 33324

    Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorneys, whose address and phone number are:

        JEREMY D. BERTSCH
        Sellars, Marion & Bachi, P.A.
        811 North Olive Avenue
        West Palm Beach, FL 33401
        (561) 655-8111; (561) 655-4994 (fax)

within twenty (20) days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on the attorneys or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED on _____Dec 29 2017_____, 201___.

(Court Seal)

Clerk of the Circuit Court

By: _Blake Smith_
    Deputy Clerk
    Blake Smith

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 12/29/2017 01:47:01 PM

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:
. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo. Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:
Nombre y direccion de la parte que entrega la orden de comparencencia.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].**
Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar el Formulario: Ley de Familia de la Florida 12.915, [O. Florida Supreme Court Approved Family Law Form 12.915], Notificacion de la Direccion Actual [Notice of Current Address].) Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario. ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion
automatica de documentos e informacion. El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.

**IMPORTANT**
Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce
tribunal. Qui se trouve a: *{L'Adresse}* . Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: **Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle. (Vous pouvez deposer** O. Florida Supreme Court Approved Family Law Form 12.915, Notice of Current Address.) Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier. ATTENTION: La regle 12.285 des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents 'a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.

# SELLARS, MARION & BACHI, P.A.
## ATTORNEYS AND COUNSELORS

DANIEL M. BACHI
JEREMY D. BERTSCH
NESTOR C. BUSTAMANTE, IV
DINA M. CONTRI
KAITLIN CUPP JENSEN
ROBERT L. JOHNSON
JOHN B. MARION, IV
LAURIE A. PRIMUS

JAMES R. COLE, retired
ROBERT L. SELLARS (1944-2012)

811 NORTH OLIVE AVENUE
WEST PALM BEACH, FLORIDA 33401

MAILING ADDRESS:
POST OFFICE BOX 3767
WEST PALM BEACH, FLORIDA 33402

TELEPHONE (561) 655-8111
TELEFAX (561) 655-4994
WEBSITE www.smb-law.com

November 14, 2017

Bill Robertson
Senior Resolution Manager
Gallagher Basset
2915 Premiere Parkway, Suite 350
Duluth, GA 30097

Re: Palmer, Joyce v. Tractor Supply Company
Date of Loss: 6/29/2016
Our File No. 002081.00001
**Our Client: Joyce Palmer**
**Your Claim No.: 004169-037780-GB-01**

Dear Mr. Robertson:

As you are aware, we represent Joyce Palmer in relation to her fall on the Tractor Supply Company premises on June 29, 2016. We are now in receipt of sufficient documentation to make a formal demand.

As you are aware, Joyce well on the Tractor Supply property on a step that was inappropriately marked. The applicable code provisions mandated that there be a handrail for this step. Further, as you know an area in which there is one step rather than multiple steps creates a visual hazard that will be addressed by our human factors expert. Obviously, this was recognized by Tractor Supply as they are now code compliant.

Additionally, it is my understanding that there was a prior, substantially-similar incident in which a Tractor's Supply employee was injured on this step and in fact that there were multiple incidents in which falls occurred on this step prior to Joyce falling.

It is clear that Tractor's Supply was negligent in failing to maintain its property in a reasonably safe condition.

As a result of the fall, Joyce injured her left knee. At first, she was hopeful that it would get better. However, when her symptoms did not abate she sought treatment with St. Lucie West Hospital. She was subsequently seen by orthopedic surgeon, Robert Lugo, at Coastal Orthopedics. Joyce was diagnosed with a left knee medial meniscus tear with subchondral fracture of medial tibial plateau. These problems were caused by the blunt trauma of the fall.

**Exhibit 3**

Dr. Lugo performed a left knee arthroscopy with partial medial meniscectomy and an arthroscopically assisted fixation of the medial tibial plateau fracture with subchondroplasty.

Her knee improved somewhat after surgery, but she is still having such significant problems that she has major limitations and cannot work at a truck driver. She is still having tenderness at the proximal medial aspect of the tibia, pain on flexion and rotation of the knee, and effusion. She is to continue reduced activities and take anti-inflammatory medication. She has done some physical therapy, but it has been of minimal help.

She has lost significant earnings as well. She cannot drive her truck, and has now lost her contact with US Xpress Enterprises. She then lost the truck itself. Despite her age, she was driving regularly and had no plans to retire.

To date, Old Republic Life Insurance has paid $62,952.00 for her medical bills and lost wages. She will likely need a total knee replacement given the result of her previous surgery. She will no longer be able to work as she cannot pass the physical tests for US Xpress - specifically the tests requiring squatting. Further, she no longer had her truck. Her lost earnings will amount to several hundreds of thousands of dollars in the future.

These injuries have affected every aspect of her life. She cannot even sit on the couch for more than an hour a time. She typically will only sit on a hard chair, or it is too difficult to get up after sitting. She cannot fully bend her knee. She also has pain now in her low back because of her altered gait.

I am enclosing the documentation in my possession for your review in evaluation of this claim.

At this time, Joyce has authorized me to demand and accept the amount of five hundred thousand dollars ($500,000) in full and final settlement of her claim against Tractor Supply arising out of this incident. This demand will remain open for twenty (20) days from receipt. If the settlement funds are not tendered within this time, the offer will be withdrawn and we will proceed with litigation.

Thank you for your attention to this matter, and please govern yourself accordingly.

Very truly yours,

Jeremy D. Bertsch

JDB:dh
Enclosures: as stated
cc: Joyce Palmer