UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOYCE PALMER,                                               CASE NO. 9:18-cv-80070
    Plaintiff,

vs.

TRACTOR SUPPLY COMPANY,
    Defendant.
_____/

### TRACTOR SUPPLY COMPANY'S REPLY TO PALMER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO CHANGE VENUE AND REQUEST FOR HEARING

Defendant, Tractor Supply Company, hereby replies to Plaintiff, Palmer's Memorandum of Law in Opposition to Defendant's Motion to Change Venue and Request for Hearing and says:

### LONG-ARM JURISDICTION

1. Palmer relies on Florida's long-arm jurisdiction statute for the proposition that Tractor Supply has subjected itself to Florida jurisdiction by doing business in the State of Florida. However, Palmer has filed a single count negligence action. The Florida long-arm statute is strictly construed. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 891 (11th Cir. 1983). Florida's long-arm statute simply establishes that jurisdiction exists over an out-of-state defendant in Florida courts. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* 421 F.3d 1162, 1168 (11th Cir. 2005).

2. Tractor Supply has not argued that it is not subject to the jurisdiction of Florida[1] courts for the purpose of this motion, and the long-arm statute argument is thus irrelevant to this transfer of venue motion.[2]

## Factors to Consider

3. Both parties are in agreement as to the factors to consider, namely those laid out in *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).[3] Tractor Supply follows the order of these factors in replying to Palmer.

## Convenience of Witnesses

4. Palmer argues that the motion should be denied because Tractor Supply has not identified by name the relevant witnesses resident in Maryuland. Tractor Supply identified only one witness by name because of the early nature of this motion, before discovery has been conducted. While that named witness is under the control of Tractor Supply, Palmer's entire case is based on the supposition that Palmer fell due to "an unreasonably dangerous condition of the premises." [Complaint, ¶ 6]. The complaint does not specifically identify the allegedly unreasonably dangerous condition, but Paragraph 9(e) of the complaint and Paragraph 36 of the Response to Motion to Change Venue [DE 7, page 8], make it clear that this unreasonably dangerous condition is a step on a path "that was not code compliant and without a railing." [Complaint, ¶ 9(e)]. Fact

---

[1]  It should be noted that this case involves an out-of-state entity (Tractor Supply) contracting with another out-of-state entity (U.S. Xpress) to deliver goods from an (as yet) unknown location to the State of Maryland, where Turner allegedly suffered an injury.

[2]  The long-arm jurisdiction argument would be relevant if this motion was brought under 28 U.S.C. §1406 Cure or Waiver of Defects, but not to a motion to transfer venue under 28 USC §1404.

[3]  Turner cites *Kelling v. Hartford Life & Acc. Ins. Co.,* 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) for the factors to be considered at ¶15 of its Response, but this case simply cites *Manuel.*

witnesses are going to be required as to the physical condition of the step, what were the codes in place at the time of construction, and whether the path has been found to be code compliant by the relevant authorities. The necessary fact witnesses as to codes and compliance will be local officials, who cannot be compelled to travel to a trial in Florida.

5. In deciding motions to transfer venue, "it is not so much the convenience of the witnesses but the possibility of having their testimony at trial." *Steifel Labs., Inc. v. Galderma Labs., Inc.,* 588 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008). Tractor Supply cannot identify with specificity the names of witnesses to these issues because of the lack of specificity of the complaint and the early nature of the litigation. The sole case, *Wagner v. Olympus Am., Inc.,* cited by Palmer for the proposition that employee witnesses' location should be given minimal weight in a transfer of venue analysis, is quoted correctly, but incompletely. *Wagner v. Olympus Am., Inc.,* CV 15-6246, 2016 WL 3000880, at *5 (E.D. Pa. May 25, 2016). The next sentence after that quoted by Turner in the decision points out that "the convenience of key nonparty witnesses and, more importantly, the ability to compel them to testify in person at trial, is the main focus of this factor." *Wagner,* at *5. All fact witnesses other than Palmer's husband and medical providers are either residents of Maryland or nearby states. If the case remains in Florida, Tractor Supply will be denied the ability of compel fact witnesses. If the court denies the motion because Tractor Supply has not identified specific witnesses, it should do so without prejudice to refile when discovery has identified the exact fact witnesses involved in this matter.

6. Palmer argues that the location of her doctors – none of whom are witnesses to the underlying events – would make changing the venue so inconvenient and burdensome as to justify denying the motion to transfer venue. This argument fails on close examination. First, the doctors

will be deposed in Florida, regardless of whether the case is transferred. Their records will be produced in discovery and thus available to the parties in either venue. *Baker v. Major League Baseball Properties, Inc.,* 2009 WL 1098482 *3 (N.D. Fla 2009). Second, the only possible inconvenience for the doctors would be if they were required to testify in person in Maryland. In a similar case, where the accident occurred in the venue to which transfer was sought but the plaintiff argued for trial in the venue in which his doctors resided, the trial court found that since the testimony of the physicians at trial can be obtained by means other than travel, such as video conference, the plaintiff's choice of venue to entitled to little deference. *Osgood v. Disc. Auto Parts, LLC,* 981 F. Supp. 2d 1259, 1266 (S.D. Fla. 2013). There is no reason to believe that all of Turner's doctors will be required to testify at trial, let alone that they will refuse to testify.

7. At this time, it is unknown if experts will be retained. If they are retained, transferring jurisdiction will reduce costs and be more convenient as locally hired experts will not have to travel to South Florida for trial.

8. Convenience of witnesses – especially fact witnesses – is in favor of transfer.

## LOCATION OF RELEVANT DOCUMENTS AND THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

9. Palmer alleges in ¶29 that all of her medical, employment[4] and pharmacy records are held in Florida. As addressed above, all of the medical and pharmacy records will be produced in discovery and are thus available regardless of forum. Palmer makes no assertion that any of her doctors or medical providers would refuse to produce records. Even if they did, Turner's

---

4. It is far from clear that her employment records will be in Florida, as she was allegedly an independent contractor for U.S. Xpress, Inc., a corporation headquartered in Tennessee.

4

statement that they would be beyond the reach of the Maryland court is incorrect. Federal Rule of Civil Procedure 45, as amended in 2013, allows the court where the action is pending to issue subpoenas for depositions and production of documents. It is unclear whether any of the cases cited by Palmer regarding access to documents are applicable under the amended rule.

10. As stated above, the medical providers will be deposed in Florida and their documents produced in Florida, pursuant to subpoena of the Maryland court. There is thus no issue regarding availability of Turner's documents relating to damages.

11. The basis of Palmer's claim is not, as stated in ¶ 22 of the Response, Palmer's medical conditions as a result of the alleged accident. [See DE 7, ¶ 22]. Palmer cites no statutory basis for her claim in her complaint, instead alleging negligence. To prevail on a premises liability negligence action in Florida, a plaintiff must show: "(1) [the] [e]xistence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains; (2) [the] [f]ailure of the defendant to perform that duty; and (3) injury or damage to plaintiff proximately caused by such failure. *Jones v. Disc. Auto Parts, LLC,* 616CV138ORL37KRS, 2017 WL 1396477, at *3 (M.D. Fla. Apr. 19, 2017), citing generally *Lake Parker Mall, Inc. v. Carson,* 327 So. 2d 121, 123 (Fla. 2nd DCA 1976). Under Maryland law, premises liability may be found liable where "(1) the [owner] controlled the dangerous or defective condition; (2) the [owner] had knowledge or should have had knowledge of the injury causing condition; and (3) the harm suffered was a foreseeable result of that condition." *Hansberger v. Smith,* 142 A.3d 679, 691 (Md. Ct. Spec. App. 2016), cert. denied, 450 Md. 430, 149 A.3d 552 (2016). Under either venue's law, the testimony of Palmer's doctors is immaterial to anything other than their treatment and Palmer's prognosis.

If anything, Turner's arguments regarding her doctor's testimony suggests that a motion to bifurcate liability and damages will be appropriate.

12.     Turner dismisses the importance of the location of the accident, citing federal district court cases from Pennsylvania for the proposition that jury views are not necessary. While rare, the possible need for jury views of the premises where photographs and other evidence may not constitute adequate substitutes for a jury view. *Speed Trac Techs., Inc. v. Estes Express Lines, Inc.,* 567 F. Supp. 2d 799, 804 (M.D.N.C. 2008). District courts have the discretion to grant jury views. *Reynolds v. Florida Highway Products, Inc.,* CV507-78, 2009 WL 10678441, at *1 (S.D. Ga. Jan. 9, 2009). To not transfer the case eliminates the discretion of the court without any hearing as to the merits of a jury view. This slip-and-fall case is not one in which there is an allegation of a foreign object or anything transitory – the sole basis of Turner's allegation is that the single step on a path is unreasonably dangerous. While experts will no doubt be called in the case, the ultimate decision by the jury will rest on their evaluation of the step, and such an evaluation will be based on incomplete information if the jury is not able to visit the site and examine the step themselves. The fact that a jury view is available only in the jurisdiction to which transfer is sought is be a factor in granting a motion to transfer. *Remmers v. United States*, CIV. A. 1:09-CV-345, 2009 WL 3617597, at *4 (E.D. Tex. Oct. 28, 2009); *Breindel v. Levitt & Sons, Inc.,* 294 F.Supp. 42, 44 (E.D. N.Y. 1968).

13.     Location of documents and proof is neutral as to Turner's evidence, but in favor of transfer as to Tractor Supply's evidence and jury view.

## CONVENIENCE OF PARTIES

14. Turner does not clearly argue the issues of convenience of the parties, other than by reference to its other arguments. It must be repeated that this is not an average slip-and-fall case where a customer slips on a grape or in the parking lot. Turner was specifically hired to go to Maryland to make a delivery- in other words, to conduct business in a state other than where she resides. Maryland is not the home of either party but is where all fact witnesses other than those relating to damages are located and where all physical proof is located.

15. This factor is neutral and does not weigh for either party.

## LOCUS OF OPERATIVE FACTS

16. Turner does not explicitly address this issue. All facts relating to the alleged negligence of Tractor Supply are in Maryland, and some of them cannot be relocated to South Florida. As *Wagner* states, "[t]ypically the most appropriate venue is where a majority of events giving rise to the claim arose." *Wagner* at 4.

17. Every element of the claim aside from damages occurred in Maryland.

18. The locus of operative facts has been covered above and is in favor of transfer.

## AVAILABILITY OF PROCESS TO COMPEL ATTENDANCE OF UNWILLING WITNESSES

19. Turner does not identify any witnesses she would need to compel to attend. As noted above, doctors testimony can be secured via deposition or they can appear via video testimony if necessary. Other courts have specifically addressed this issue in the context of Federal Rule of Civil Procedure 45, holding that the 100-mile limit on witness travel does not bar a court from

compelling witnesses to attend via video. See *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 426 (D.P.R. 1989).

20. There is thus no factor favoring retention of jurisdiction in South Florida based on availability of process to compel attendance of unwilling witnesses.

### Relative Means of Parties

21. Turner's response makes much of the relative means of the parties. Tractor Supply does not argue that it has significantly more means than does Turner. However, this is much less of a factor than Turner suggests. It would be cheaper for all parties if local fact and expert witnesses were called to trial in Maryland. The costs of depositions of the doctors and of Turner will be exactly the same if the case is heard in Maryland or in Florida. The only increased cost for Turner in transferring the case would be the cost of her attendance at trial. The decreased cost of conducting factual discovery in Maryland may well yield savings greater than the cost of Turner attending the trial in Maryland.

22. Transferring venue will not impose a significant cost on Turner, and may well be more efficient and thus cheaper. This factor is thus neutral.

### Forum's Familiarity with the Governing Law

23. Turner does not discuss this element. Having conceded that Maryland law applies and that Maryland's interests in this matter outweigh those of Florida, Turner's arguments against change of venue necessarily fail. Maryland law regarding negligence is significantly different from Florida, and Florida courts will have not be familiar with the relevant provisions. This factor is in favor of transfer.

## Deference to Plaintiff's Choice of Venue

24. Tractor Supply agrees that the general principal that the plaintiff's choice of forum is entitled to deference. However, every case cited by Palmer in support of her contention that her choice of venue should not be transferred either involve circumstances that are materially different from the facts of this case[5] or are cases in which the motion to change venue was granted.[6] One case cited by Turner, *Wagner,*[7] actually supports Tractor Supply's motion, as it states that "[t]ypically the most appropriate venue is where a majority of events giving rise to the claim arose." *In re Amkor Tech., Inc. Sec. Litig.,* Civ. A. No. 06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006) (citing *Siegel v. Homestore, Inc.,* 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003))." *Wagner* at *4. As the courts in the Southern District has put it "a plaintiff's choice of forum may properly be accorded lesser weight where the forum lacks a significant connection with the underlying claim or operative facts." *Gonzalez v. Pirelli Tire, LLC,* 2008 WL 516847 (S.D.Fla. 2008).

25. Turner's statement in the conclusion section that her choice of forum is given "extreme deference" is not an accurate statement of the law even where the factors cited by Tractor Supply are not present. Where they are present, the presumption that Turner is entitled to is not only minimized, but has been fully overcome.

---

[5].   *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253,260 (11th Cir. 1996) is a suit involving professional services rendered by a non-resident attorney, where there was no physical object in question.

[6].   In a case alleging damage from a bad product review, *Simmons Ford, Inc. v. Consumers Union of U.S., Inc.,* 490 F.Supp. 106 (W.D. Mich. 1980), the court granted the motion to transfer in part because the location of the work done in the review was in the district to which transfer was sought.

[7].   *Wagner v. Olympus Am., Inc.,* CV 15-6246, 2016 WL 3000880, *4 (E.D. Pa. May 25, 2016).

### Trial Efficiency and the Interests of Justice

26.     Turner does not directly address this element, rather relying on the totality of its arguments. Turner ignores the United States Supreme Court's pronouncements on harms to justice of piling up litigation in areas unrelated to the origin of action and imposing the obligation of jury duty on communities with no relationship to the litigation. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508-509 (1947). Both factors can only be interpreted in favor of transfer.

27.     Efficiency can overlap with witness proximity and the ability of local courts to resolve state law questions. *Delorenzo v. HP Enterprise Services, LLC,* 79 F.Supp.3d 1277, 1285 (M.D. Fla. 2015). The case is at an early stage and transfer would not increase expense.

28.     Both the interests of justice and of efficiency weigh in favor of transfer.

### Conclusion

29.     Looking at the *Manuel* factors, each factor is either neutral, or weighs in favor of transferring this action to the court where Turner allegedly tripped over a concrete step. Accordingly, the motion to transfer venue should be granted and the case transferred to the United States District Court for the State of Maryland.

Respectfully submitted this 21st day of March 2018,

/s/ Michael R. Morris
Michael R. Morris
F.B.N. 70254
Morris & Morris, P.A.
777 S. Flagler Drive, Suite 800 - West Tower
West Palm Beach, FL 33401
Telephone: 561.838.9811
Facsimile: 561.828.9351
E-mail: michael@morris.law
Counsel for Tractor Supply

### C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

      I certify that on March 21 2018, I electronically filed this Reply electronically with the Clerk of Court by using CM/ECF and served on Plaintiff's attorney Jeremy Bertsch, Esq., Sellars, Marion & Bachi, P.A., 811 North Olive Avenue, West Palm Beach, FL 33401 via CM/ECF.

                                             <u>/s/ Michael R. Morris</u>
                                             Michael R. Morris
                                             F.B.N. 70254