UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80070-CV-MIDDLEBROOKS

JOYCE PALMER,

    Plaintiff,

v.

TRACTOR SUPPLY COMPANY,

    Defendant,

_____/

**ORDER ON DEFENDANT'S MOTION TO CHANGE VENUE**

THIS CAUSE is before the Court on Defendant Tractor Supply Company's Motion to Change Venue (DE 3), filed on February 28, 2018.  Plaintiff responded on March 14, 2018 (DE 7), and Defendant replied on March 21, 2018 (DE 8).  For the reasons set forth below, the motion is denied.

    **I.**    **Background**

Plaintiff filed this negligence action in Palm Beach County Circuit Court seeking damages for injuries sustained when she fell while walking on Defendant's property located in Hagerstown, Maryland.  (DE 1, Exh. 1).  Defendant removed the case to this Court on diversity grounds, and thereafter filed the instant motion to change venue under 28 U.S.C. § 1404(a), arguing that transfer of this case to Maryland would be more convenient.

Plaintiff fell on a step which had no railing.  She alleges that Defendant failed to keep its property maintained in a reasonably safe condition and in compliance with codes.  Defendant anticipates calling fact witnesses relevant to liability who reside in Maryland. Plaintiff

anticipates calling numerous medical providers with testimony relevant to damages who reside in Florida.

## II.     Legal Standard

The plaintiff's choice of venue is generally given considerable deference, however that choice may be overridden where "it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996).  Under 28 U.S.C. § 1404, the Court must make a two-part inquiry to determine whether a change in venue is proper.  First, the Court must determine whether the alternative venue is one in which the action could have originally been brought.  Second, the Court must balance private and public factors to determine if a transfer is justified. *See Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001), *Miot v. Kechijian*, 830 F.Supp. 1460, 1465-66 (S.D. Fla. 1993).  The party moving for transfer bears the burden to demonstrate that transfer is appropriate. *Thermal Technologies, Inc. v. Dade Service Corp.,* 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003).

## III.    Discussion

### A. Alternative Venue

I must first determine whether this action may have been brought in the Maryland.  "If when a suit is commenced, Plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district where the action might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  In this case, Plaintiff had a right to sue in Maryland, as it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The alleged injuries occurred in Maryland, therefore the action may have been brought there.

**B. Private and Public Interests in Transfer**

A number of factors are relevant to the determination of whether the convenience to the parties and witnesses and the interest of justice favor transfer to the proposed alternative forum. I must consider: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Each factor is addressed in turn below

**Convenience of the witnesses.** The convenience of the witnesses is considered to be "the single most important factor in the analysis of whether a transfer should be granted." *Steifel Labs., Inc v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008). Defendant suggests that many fact witnesses reside in Maryland. Defendant claims, however, that it cannot identify exactly who those witnesses are, or how many there will be, because the case is still in early stages and no discovery has occurred. Plaintiff, on the other hand, asserts that she and her husband are both fact witnesses, and they reside in Florida. Plaintiff also asserts that all of her treating medical providers are in Florida (up to 7 total witnesses), and therefore a change of venue would inconvenience most of the known material non-party witnesses. While many fact witnesses may reside in Maryland, at least some of them, the court presumes, will be Defendant's employees, and therefore compelling their testimony will not be unduly burdensome to Defendant. To the extent that some other yet-to-be identified fact witnesses reside in Maryland, this is not particularly compelling. Defendant cannot meet its burden of establishing

that this factor weighs in favor of transfer without providing more detailed information regarding the identities, locations, and the nature and importance of the anticipated testimony of key defense witnesses.

**The location of relevant documents and the relative ease of access to sources of proof.**  Regarding the relative ease of access to sources of proof, Defendants point out that the property in question, including physical evidence, is located in Maryland. Defendant's medical records are in Florida.  In this age of electronic storage of documents, the location of documents is largely a neutral factor.  *Steifel Laboratories*, 588 F. Supp. 2d at 1340 ("[I]n the current world of expedited transfer of information, assembly and production of any necessary information can be produced just as easily in any location.").  The Court assumes the same method of using pictures or videos of the evidence and scene would be used in the Maryland court as in Florida.  Contrary to Defendant's suggestion, it is highly unlikely that a jury would actually travel to the accident scene.  If the same method of presenting relevant documents and sources of proof would be used in both venues, transfer is not necessary.  Accordingly, this second factor weighs against transfer.

**The convenience of the parties.**  Third, the Court considers the convenience of the parties.  The current forum is convenient for the Plaintiff because she and her husband are residents of Palm Beach County and her medical providers are located here. Maryland is convenient to the Defendant because the incident occurred at its property there.  Transferring venue to Maryland would not eliminate any convenience; rather it would merely shift the burden to the Plaintiffs.  This factor is neutral when it will merely shift a hardship from one party to the other. *Watson v. Community Education Centers*, 2011 WL 3516150 at *16 (M.D. Fla. Aug. 11, 2011); *American Aircraft Sales Int., Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D.

Fla. 1999). A neutral factor weighs against transfer because of the presumption favoring plaintiff's choice of venue. *Watson* at *1, 5.

**The locus of operative facts.** "The locus of operative facts refers to the specific action or omissions that gave rise to the cause of action." *Sterling v. Provident Life & Accident Insurance Co.*, 519 F. Supp. 2d 1195, 1204 (M.D. Fla. 2007). The alleged fall occurred in Maryland and Plaintiff contends that Defendant's failure to safely maintain the property caused her to fall. The events giving rise to the claim occurred in Maryland. Accordingly, this factor weighs in favor of transfer.

**The availability of process to compel the attendance of unwilling witnesses.** Depending on where this case is tried, either party could potentially incur expenses regarding attendance of witnesses. Thus, since transferring the forum from Florida to Maryland will only shift expenses from Defendants to Plaintiffs, this factor is neutral and weighs against transfer.

**The relative means of the parties.** Defendant is a large corporation and can more easily bear travel expenses incurred during litigation than Plaintiffs. Accordingly, this factor weighs against transfer.

**A forum's familiarity with the governing law.** Although the underlying facts in this case occurred in Maryland, Florida courts, especially federal courts sitting in diversity, are capable of applying Maryland state law to a simple tort action. Accordingly, this factor weighs against transfer.

**The weight accorded a plaintiff's choice of forum.** A plaintiff's choice of forum should not be disturbed unless her choice is clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill*, P.C., 74 F.3d 253, 260 (11th Cir. 1996). I accord significant deference to Plaintiff's choice of forum because she resides here and was treated by numerous

medical providers here. Defendant has not met its burden of establishing that sufficiently compelling circumstances exist to override Plaintiff's venue choice. This factor weighs against transfer.

**Trial efficiency and the interests of justice, based on the totality of the circumstances.** Based upon the submissions of the parties at this stage in the litigation, I am not persuaded that transferring this action would increase trial efficiency or promote the interests of justice.

Based on the totality of the circumstances, while Defendant may incur inconvenience in traveling to Florida, the balance of the factors weigh heavily against transfer. Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Change Venue (DE 3) is **DENIED**.

**DONE AND ORDERED** this 17th day of August, 2018.

Donald M. Middlebrooks
United States District Judge

c: counsel of record